AO 245I (Rev. 11/16) Judgment in a Criminal Case for a Petty Offense
Sheet 1

# UNITED STATES DISTRICT COURT

Eastern District of Virginia

| UNITED STATES OF AMERICA | Judgment in a Criminal Case |
|---|---|
| v. | (For a Petty Offense) |
| Arthur W. Henderson | Case No. 1:17-po-1425(7194568, 7194569, 7194570) |
| | USM No. |
| | Shannon Quill |
| | Defendant's Attorney |

**THE DEFENDANT:**

☑ THE DEFENDANT pleaded   ☑ guilty  ☐ nolo contendere to count(s)  7194569

☐ THE DEFENDANT was found guilty on count(s) _____

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 32 CFR 234.17 adopting VA Code 46.2-852 | Reckless Driving | 6/10/2017 | 7194569 |

The defendant is sentenced as provided in pages 2 through __4__ of this judgment.

☐ THE DEFENDANT was found not guilty on count(s) _____

☑ Count(s)  7194568, 7194570   ☐ is   ☑ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Last Four Digits of Defendant's Soc. Sec. No.: 6488

Defendant's Year of Birth: 1957

City and State of Defendant's Residence:
Alexandria, VA

8/4/2017
Date of Imposition of Judgment

/s/
Ivan D. Davis
United States Magistrate Judge

4 Aug 17
Date

AO 2451 (Rev. 11/16)    Judgment in a Criminal Case for a Petty Offense
                        Sheet 5 — Probation

Judgment—Page 2 of 4

DEFENDANT:      Arthur W. Henderson
CASE NUMBER:    1:17-po-1425(7194568, 7194569, 7194570)

## PROBATION

You are hereby sentenced to probation for a term of:

SIX (6) Months Supervised Probation with Conditions

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*
4. ☐ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*
7. ☐ You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664. *(check if applicable)*
8. You must pay the assessment imposed in accordance with 18 U.S.C. § 3013.
9. If this judgment imposes a fine, you must pay in accordance with the Schedule of Payments sheet of this judgment.
10. You must notify the court of any material change in your economic circumstances that might affect your ability to pay restitution, fines, or special assessments.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 2451 (Rev. 11/16)  Judgment in a Criminal Case for a Petty Offense
Sheet 5A — Probation

Judgment — Page 3 of 4

DEFENDANT: Arthur W. Henderson
CASE NUMBER: 1:17-po-1425(7194568, 7194569, 7194570)

## STANDARD CONDITIONS OF SUPERVISION

As part of your probation, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you were sentenced, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____  Date _____

AO 245I (Rev. 11/16)  Judgment in a Criminal Case for a Petty Offense
Sheet 5B — Probation Supervision

Judgment — Page 4 of 4

DEFENDANT: Arthur W. Henderson
CASE NUMBER: 1:17-po-1425(7194568, 7194569, 7194570)

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in and successfully complete an Alcohol Safety Action Program or other alcohol treatment program as deemed appropriate by the probation office.

2. Commencing August 4, 2017, and continuing for SIX (6) MONTHS, the defendant may not operate a motor vehicle anywhere in the United States except (a) to and from work, as incident to or required by work, (b) to and from court, the probation office, and the Alcohol Safety Action Program, and (c) to and from medical appointments with a scheduled provided to and approved in advance by probation.

3. The defendant shall pay a $150.00 fine, $30.00 processing fee, and a $10.00 special assessment as to 7194569 to be paid by November 4, 2017.