

Prob 12 (10/09)
VAE (rev. 5/17)

# UNITED STATES DISTRICT COURT
## for the
## EASTERN DISTRICT OF VIRGINIA

U.S.A. vs. Arthur W. Henderson           Docket No. 1:17-po-1425

### Petition on Probation

COMES NOW Elissa F. Martins, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of Arthur W. Henderson, who was placed on supervision by the Honorable Ivan D. Davis, United States Magistrate Judge sitting in the Court at Alexandria, Virginia, on the 4th day of August, 2017, who fixed the period of supervision at six (6) months, and imposed the general terms and conditions heretofore adopted by the Court and also imposed special conditions and terms as follows:

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

See Attachment(s)

**PRAYING THAT THE COURT WILL ORDER** a summons to be issued directing that the offender appear before the Court to show cause why supervision should not be revoked.

Returnable Date: April 17, 2018 @ 10:00 A.M.

**ORDER OF COURT**

Considered and ordered this 30th day of March, 2018 and ordered filed and made a part of the records in the above case.

/s/
Ivan D. Davis
United States Magistrate Judge

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on:

Elissa F. Martins
Digitally signed by Elissa F. Martins
Date: 2018.03.29 12:21:54 -04'00'

Elissa F. Martins
U.S. Probation Officer
(703) 299-2309

Place Alexandria, Virginia

**TO CLERK'S OFFICE**

**Petition on Probation**
**Page 2**
**RE: Henderson, Arthur W.**

OFFENSE:   Reckless Driving, in violation of Title 32, CFR 234.17, adopting VA Code 46.2-852.

SENTENCE: The defendant was placed on supervised probation for a period of 6 months with the following special conditions: 1) The defendant shall participate in and successfully complete an Alcohol Safety Action Program or other alcohol treatment program as deemed appropriate by the probation office; 2) Commencing August 4, 2017, and continuing for 6 months, the defendant may not operate a motor vehicle anywhere in the United States except (a) to and from work, as incident to or required by work, (b) to and from court, the probation office, and the Alcohol Safety Action Program, (c) to and from medical appointments with a schedule provided to and approved in advance by probation; and 3) The defendant shall pay a $150 fine, $30 processing fee, and a $10 special assessment as to 7194569 to be paid by November 4, 2017.

On January 17, 2018, the Court approved the following modification: 1) The defendant's supervision shall be extended for a period of 6 months in order to complete the Alexandria Alcohol Safety Action program. Should treatment conclude at an earlier date, supervision will conclude at that time.

ADJUSTMENT TO SUPERVISION: Mr. Henderson's adjustment to supervision has been unsatisfactory. Mr. Henderson paid the Court ordered fines and fees in full on January 20, 2018. It is noted the court imposed fines were due on November 4, 2017. The defendant did not obtain an official restricted operator's license through the Virginia Department of Motor Vehicles. He has a valid license but is only permitted to drive to and from the specific locations outlined in the Court order.

The defendant was unemployed from the beginning of supervision until he obtained employment on November 15, 2017, as a dishwasher at the Old Country Buffet in Dale City, Virginia. Mr. Henderson quit this employment in January 2018, stating he was having back pain as a result of the nature of the work. It is noted that Mr. Henderson did not verbally advise this officer of the change in employment until March 23, 2018. The defendant submitted a monthly supervision report on February 12, 2018, which indicated changed employment and that he was not fired, but did not state when he left his previous employment. On March 29, 2018, the undersigned contacted the defendant's prior employer to obtain more information about the nature of Mr. Henderson's termination. This officer spoke with the restaurant manager who was unable to provide details to this officer and provided the Human Resources (HR) main contact information. This officer left a message for HR and is awaiting a response.

On January 8, 2018, Mr. Henderson paid the $400 fee required to enroll in the Alexandria Alcohol Safety Action Program (ASAP). He participated in an intake/evaluation on February 7, 2018, and began classes on February 26, 2018. This officer confirmed that the defendant has attended five (5) sessions to date.

On March 29, 2018, during a phone conversation with the undersigned, Mr. Henderson admitted to recently using crack cocaine and stated the pipe found during the arrest outlined below, belonged to him. In response to both of these things, Mr. Henderson signed a Probation Form 49, agreeing to the modification of conditions of supervision, to include: 1) The defendant shall participate in substance abuse testing and treatment as directed by the probation officer.

**Petition on Probation**
Page 3
RE: Henderson, Arthur W.

<u>VIOLATIONS</u>: The following violations are submitted for the Court's consideration.

**MANDATORY CONDITION:** **COMMISSION OF A CRIME – POSSESSION OF A CONTROLLED SUBSTANCE AND EXPIRED TAGS (x2).**

On February 17, 2018, Mr. Henderson was issued a citation for the charge of Expired Registration by the Prince William County Police Department. This matter is scheduled to be heard before the Prince William County General District Court on April 2, 2018.

On February 28, 2018, Mr. Henderson was issued a citation for the charge of Expired Tags and Possession of a Controlled Substance by the Arlington County Police Department. This matter is scheduled to be heard before the Arlington County General District Court on April 26, 2018. Mr. Henderson is on pretrial supervision in Arlington County pending resolution of this matter. It is noted that when this officer spoke with the Pretrial Services Officer, he noted that Mr. Henderson admitted he last used crack cocaine on March 3, 2018.

The undersigned obtained a copy of the police report in this matter. The police report indicates the following information: On February 28, 2018, a traffic stop was conducted at the intersection of North Glebe Road and Carlin Springs Road as a result of the defendant's vehicle having expired tags. Mr. Henderson was identified as the driver of the vehicle. There were two other individuals in the car, a male and female. Police ran criminal record checks on all three individuals, which reflected prior narcotic convictions for each of them. A K-9 unit was called to do a further search of the vehicle and police found an empty Newport cigarette box in the center console with a glass tube inside of it. The glass tube was burnt at both ends and wrapped in paper towel as well as a "chore boy", which is a coarse scouring pad made of steel wool, both of which are consistent with the use of crack cocaine. Mr. Henderson was placed under arrest and admitted to police that the pipe belonged to him.

Through a further search, Police also found a small dark blue string back containing suspected crack cocaine materials near the front passenger seat and a white pill bottle containing four small bags of crack cocaine and marijuana on the other male passenger. The two other individuals in the vehicle were also arrested for possession of a controlled substance and/or drug paraphernalia.

All field tests conducted on the drug paraphernalia and suspected drugs yielded positive results for crack cocaine and marijuana.

**MANDATORY CONDITION 3:** **YOU MUST REFRAIN FROM ANY UNLAWFUL USE OF A CONTROLLED SUBSTANCE.**

On March 29, 2018, during a telephone conversation, Mr. Henderson admitted that he last used crack cocaine on or about March 3, 2018, and that he has been using crack cocaine on a monthly basis.

**SPECIAL CONDITION 2:** **FAILURE TO FOLLOW COURT ORDERED DRIVING RESTRICTIONS.**

Per the Court order, the defendant is only permitted to drive (a) to and from work, as incident to or required by work, (b) to and from court, the probation office, and the Alcohol Safety Action Program, (c) to and from medical appointments with a schedule provided to and approved in advance by probation. As outlined above, when Mr. Henderson was arrested and/or issued citations on February 17, 2018, and February 28, 2018, he was not driving within the court ordered restrictions.

**Petition on Probation**
Page 4
RE: Henderson, Arthur W.

On March 23, 2018, and March 26, 2018, Mr. Henderson admitted to this officer that he has driven on other occasions that were outside his court ordered restrictions.

**CONDITION 2:** **FAILURE TO FOLLOW THE INSTRUCTIONS AND/OR REPORT THE PROBATION OFFICER AS DIRECTED.**

This officer made attempted contacts with the defendant by email and/or phone on January 19, 2018 and February 28, 2018, and requested Mr. Henderson to call or email this officer back. Mr. Henderson left a voice message on March 6, 2018, stating he had bad news but left no details. After subsequent attempts to contact the defendant on March 8, and March 20, 2018, Mr. Henderson failed to contact the undersigned. This officer conducted an unannounced home visit on March 23, 2018, at which time, the defendant admitted to the above-noted police contact and non-compliance.

**CONDITION 4:** **YOU SHALL ANSWER TRUTHFULLY THE QUESTIONS ASKED BY YOUR PROBATION OFFICER.**

On March 23, 2018, when the undersigned conducted an unannounced home visit, this officer asked the defendant if he had police contact and if he had been using illegal drugs. Mr. Henderson initially denied police contact and drug use. He later admitted to having police contact and driving outside of his restrictions. He advised this officer that he had been issued a citation for Expired Tags. Initially, he failed to advise of a second citation for the same offense and the arrest for Possession of a Controlled Substance. He initially denied drug use and denied that the drug paraphernalia belonged to him. Upon review of the police report, the undersigned again confronted the defendant on his drug use and it was not until March 29, 2018, that Mr. Henderson admitted to using crack cocaine.

**CONDITION 7:** **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF CHANGE IN EMPLOYMENT.**

Mr. Henderson failed to notify the Probation Officer within 72 hours after quitting his employment as a dishwasher at the Old Country Buffet in Dale City, Virginia. Mr. Henderson quit this employment in January 2018, stating he was having back pain as a result of the nature of the work. It is noted that Mr. Henderson did not verbally advise this officer of the change in employment until March 23, 2018. The defendant submitted a monthly supervision report on February 12, 2018, which indicated changed employment and that he was not fired, but did not state when he left his previous employment.

**CONDITION 7:** **FAILURE TO WORK REGULARLY.**

Mr. Henderson was unemployed at the start of supervision in August 2017. He obtained employment in November 2017 and worked for less than two (2) months. Mr. Henderson has failed to work regularly since January 2018.

Petition on Probation
Page 5
RE: Henderson, Arthur W.

| | |
|---|---|
| **CONDITION 9:** | **FAILURE TO NOTIFY THE PROBATION OFFICER WITHIN 72 HOURS OF BEING ARRESTED/QUESTIONED BY A LAW ENFORCEMENT OFFICER.** |

On February 17, 2018, and February 28, 2018, Mr. Henderson was arrested and/or questioned by the Prince William County Police Department and the Arlington County Police Department respectively, but did not report the contact to the Probation Officer until March 8, 2018, on his monthly supervision report and in person at an unannounced home visit on March 23, 2018.

EFM/cdp